UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>EMILY SCHLACKMAN, a Washington resident; ANGELICA CAMPBELL, a Washington resident; AMANDA BRANCH, a Washington resident; MEGALENA PEREZ HILTS, a Washington resident; TESSA MORTENSON, a Washington resident; NABILA JAJI-ALI, a Washington resident,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

**I.  PARTIES**

1. Plaintiff Homesite Insurance Company ("Homesite") is a Wisconsin corporation with its principal place of business in Massachusetts.

2. Upon information and belief, Defendant Emily Schlackman resides in King County, Washington.

3. Upon information and belief, Defendant Angelica Campbell resides in King County, Washington.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

4.      Upon information and belief, Defendant Amanda Branch resides in King County, Washington.

5.      Upon information and belief, Defendant Megdalena Perez Hilts resides in King County, Washington.

6.      Upon information and belief, Defendant Tessa Mortenson resides in King County, Washington.

7.      Upon information and belief, Defendant Nabila Haji-Ali resides in King County, Washington.

8.      Ms. Campbell, Ms. Branch, Ms. Hilts, Ms. Mortenson, and Ms. Haji-Ali are referred to collectively hereinafter as the "Claimants."[1]

## II.    VENUE AND JURISDICTION

9.      The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and based on information and belief, the amount in controversy exceeds $75,000, exclusive of costs and interest.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in King County, Washington.

## III.   FACTS

### A.     The Underlying Lawsuit

11.     On December 23, 2021, the Claimants filed a Complaint for Damages ("Underlying Complaint") against Ms. Schlackman, non-party Solomon Simone, and others ("Underlying Defendants"), in the lawsuit captioned as *Angelica Campbell et al. v. Solomon Simone et al.,* King

---

[1] Homesite makes no claims against any of the Claimants in this lawsuit. The Claimants are named defendants herein solely as potentially interested and necessary parties to this action. Upon request, and with permission of the Court, Homesite will agree to voluntarily dismiss any of the Claimants from this lawsuit upon agreement to be bound by any ruling regarding coverage in this action.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

County Superior Court, Case No. 21-2-11125-1 (the "Underlying Lawsuit). Attached hereto as **Exhibit A** is a copy of the Underlying Complaint.

12. According to the allegations in the Underlying Complaint, Mr. Simone had, for several years, conspired in operating a sophisticated human trafficking ring and drug distribution operation along with other Underlying Defendants.

13. The Underlying Complaint alleges that this conspiracy involved befriending vulnerable women and gaining their trust, and then by use of threats, exploitation, and control, forcing them to work and perform sex acts for money in strip clubs, and sell drugs at his behest and to his benefit.

14. The Underlying Complaint alleges that Mr. Simone committed multiple acts of physical violence, sexual assault, rape, intimidation, and torture against the Claimants.

15. The Underlying Complaint contains the following allegations as to Ms. Schlackman:

> Defendant Schlackman assists with Defendant Simone's drug distribution operation. She distributes it to the women within Defendant Simone's organization and sells it at the street level, either while the women are working in strip clubs or prostituting. She has also assisted Defendant Simone in sheltering assets by holding real property in her name on his behalf."[2]

16. The Claimants allege that Ms. Schlackman is liable under the following causes of action:

    a. <u>Outrage/intentional infliction of emotional distress</u>: "Defendant Schlackman was complicit in the scheme to traffic Ms. Campbell by virtue of her having provided material support to Defendant Simone and running his drug manufacturing and distribution operation, as well as shielding certain assets by titling real property in her name. Defendant Schlackman further perpetuated his

---

[2] *See* Exhibit A, ¶ 35.

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

abusive conduct by harassing and stalking Ms. Campbell after she left Defendant Simone, threatening her via social media, and regularly appearing in public places to stalk her and monitor her activities in the months after she escaped. Defendant Fulford's conduct was extreme and outrageous because she knew she was an accomplice to Defendant Simone in his trafficking of Ms. Campbell, and because her ongoing conduct after her escape only served to further traumatize Ms. Campbell;"[3]

   b. <u>Violation of the Washington Criminal Profiteering Act, RCW 9A.82 ("WCPA")</u>: "Defendant Schlackman violated the WCPA by assisting Defendant Simone in the trafficking of Ms. Campbell with respect to the manufacture and sale of controlled substances. Defendant Schlackman was directly responsible for the distribution of the cocaine for which Ms. Campbell was forced to perform labor in the form of recruiting purchasers … [a]s a result of Defendants' collective violations of the WCPA, Ms. Campbell has suffered severe emotional and physical injury;"[4] and

   c. <u>Civil Conspiracy</u>: Each of the named Defendants conspired with Defendant Simone in the unlawful purpose to traffic Ms. Campbell, force her into prostitution, force her into involuntary servitude, and unlawfully imprison her. The sum total of Ms. Campbell's ordeal would not have been possible without the coordinated unlawful agreement of the conspiring Defendants. As a result of Defendants' collective unlawful conduct, Ms. Campbell has suffered severe emotional and physical injury."[5]

---

[3] *Id.*, ¶ 304.
[4] *Id.*, ¶¶ 328-329.
[5] *Id.*, ¶¶ 331-332.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

17. The Underlying Complaint contains the following requested relief: (1) not less than $1 million each in actual damages for pain, suffering, and mental anguish; (2) treble damages authorized by the WCPA; (3) reasonable attorneys' fees and investigative fees as authorized by the WCPA; (4) the costs of the Underlying Lawsuit; and (5) an order restraining the Defendants from engaging in any conduct prohibited by the WCPA.

**B.     The Homesite Policy**

18. Homesite issued homeowner's policy, No. 36146716 ("the Policy"), to Ms. Schlackman, effective May 20, 2019 through May 20, 2020. The Policy was renewed annually through May 20, 2022. The Policy contains Coverage E – Personal Liability coverage with a limit of $300,000. Attached hereto as **Exhibit B** is a copy of the Policy and renewal documents.

19. The Policy provides personal liability coverage under HOMEOWNERS 3 SPECIAL FORM HO 46 03 01/12 - SECTION II, Coverage E, which provides, in relevant part, as follows:

**SECTION II – LIABILITY COVERAGES**

**A.  Coverage E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of payment for this coverage has been exhausted by payment of judgments or settlements.

…

20. The Policy contains the following definitions:

COMPLAINT FOR DECLARATORY JUDGMENT - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

  **3.** "Bodily injury" means bodily harm, sickness or disease, except a disease which is transmitted by an "insured" through sexual contact. "Bodily injury" includes required care, loss of services and death resulting from covered bodily harm, sickness or disease.

  …

  **8.** "Insured" means:

   **a.** You and residents of your household who are:

    **(1)** Your relatives; or

    **(2)** Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative […]

  **11.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   **a.** "Bodily injury"; or

   **b.** "Property damage".

  **12.** "Property damage" means physical injury to, destruction of or loss of use of tangible property.

21. The Policy contains the following "Expected or Intended Injury" exclusion:

**SECTION II – EXCLUSIONS**

**E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others**

Coverages **E** and **F** do not apply to the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" which is expected or intended by an "insured", even if the resulting "bodily injury" or "property damage":

 **a.** Is of a different kind, quality or degree than initially expected or intended; or

 **b.** Is sustained by a different person, entity or property than initially expected or intended.

However, this Exclusion **E.1.** does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property;

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

22. The Policy contains the following "Business" exclusion:

**2. "Business"**

    **a.** "Bodily injury" or "property damage" arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the "business" is owned or operated by an "insured" or employs an "insured."

This Exclusion **E.2.** applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the "business" […]

23. Form HA 01 46 WA 10/15 amends the definition of "Business" in the Policy as follows:

**3.** "Business" means:

    **a.** A trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or

    **b.** Any other activity engaged in for money or other compensation […]

24. The Policy contains the following "Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse" exclusion:

**6. Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse**

"Bodily injury" or "property damage" arising out of sexual molestation, corporal punishment or physical or mental abuse; […]

25. The Policy contains the following "Controlled Substance" exclusion:

**7. Controlled Substance**

"Bodily injury" or "property damage" arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a controlled substance as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812. Controlled substances include but are not limited to cocaine, LSD, marijuana and all narcotic drugs […]

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

26. Form HA 01 46 WA 10/15 adds the following "Criminal Acts" and "Intentional and Malicious Acts" exclusions to the Policy.

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **SPECIAL PROVISIONS – WASHINGTON**
> …
> **SECTION II – EXCLUSIONS**
>
> Paragraphs **E.8. Criminal Acts** and **E.9. Intentional and Malicious Acts** are added:
>
> **8. Criminal Acts**
>
> "Bodily injury" or "property damage" arising out of or in connection with a criminal act of any "insured".
>
> **9. Intentional and Malicious Acts**
>
> "Bodily injury" or "property damage" arising out an intentional and malicious act by or at the direction of any "insured".

27. The Policy contains the following "Other Insurance" condition:

> **H. Other Insurance**
>
> This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## C. Homesite Agreed to Defend Ms. Schlackman Under a Full Reservation of Rights

28. On July 29, 2022, Homesite sent a letter to Ms. Schlackman informing her that Homesite would agree to defend her in the Underlying Lawsuit subject to a full reservation of Homesite's coverage rights. Attached hereto as **Exhibit C** is a copy of Homesite's July 29, 2022 letter.

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

## IV. FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT "OCCURRENCE"

29. Homesite realleges each of the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. The Policy provides liability coverage under Coverage E for "bodily injury" caused by an "occurrence."

31. The Policy defines an "occurrence" as "an accident … which results, during the policy period, in … '[b]odily injury.'"

32. Intent is a prerequisite to the causes of action against Ms. Schlackman in the Underlying Complaint.

33. The Underlying Complaint alleges that each cause of action against Ms. Schlackman was committed with intent.

34. Homesite is entitled to declaratory judgment that it owes no obligation to provide defense or indemnity coverage to Ms. Schlackman in the Underlying Lawsuit because the claims against Ms. Schlackman therein do arise out of an "occurrence" as that term is defined by the Policy.

## V. SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT EXPECTED OR INTENDED INJURY EXCLUSION

35. Homesite realleges each of the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. The Policy provides that Coverage E does not apply to "bodily injury" which is "expected or intended by an insured."

37. The Underlying Complaint contains causes of action that arise from Ms. Schlackman's actions that allegedly were expected or intended to cause bodily injury to one or more of the Claimants.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

38. Homesite is entitled to declaratory judgment that it owes no obligation to provide defense or indemnity coverage to Ms. Schlackman in the Underlying Lawsuit because the claims against Ms. Schlackman fall within the expected or intended injury exclusion in the Policy.

### VI. THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT BUSINESS EXCLUSION

39. Homesite realleges each of the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. The Policy provides that Coverage E does not apply to "bodily injury" arising out of or in connection with a "business" engaged in by an "insured," whether or not the "business" is owned or operated by an "insured" or employs an "insured."

41. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the "business."

42. The Underlying Complaint alleges that Ms. Schlackman was "complicit in the scheme to traffic Ms. Campbell by virtue of having provided material support to Defendant Simone and running his drug manufacturing and distribution operation."

43. The Underlying Complaint further alleges that Ms. Schlackman "violated the WCPA by assisting Defendant Simone in the trafficking of Ms. Campbell with respect to the manufacture and sale of controlled substances. Defendant Simone was directly responsible for the distribution of the cocaine for which Ms. Campbell was forced to perform labor in the form of recruiting purchasers."

44. The causes of action against Ms. Schlackman fall under the business exclusion of the Policy.

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

45. Homesite is entitled to declaratory judgment that it owes no obligation to provide defense or indemnity coverage to Ms. Schlackman in the Underlying Lawsuit because the causes of action contained therein against Ms. Schlackman fall under the Policy's "business" exclusion.

## VII. FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT
## SEXUAL MOLESTATION, CORPORAL PUNISHMENT OR MENTAL ABUSE EXCLUSION

46. Homesite realleges each of the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. The Policy provides that Coverage E does not apply to "bodily injury" arising out of sexual molestation, corporal punishment, or physical or mental abuse

48. The allegations against Ms. Schlackman in the Underlying Complaint involve, and are based upon, accusations of physical and/or mental abuse.

49. For example, the Underlying Complaint alleges that Mr. Simone "abused" one or more of the Claimants, and/or was otherwise involved in a "scheme" with other Underlying Defendants that involved, and are based upon, accusations of physical and/or mental abuse.

50. Homesite is entitled to declaratory judgment that it owes no obligation to provide defense or indemnity coverage to Ms. Schlackman in the Underlying Lawsuit because the causes of action contained therein against Ms. Schlackman fall under the "Sexual Molestation, Corporal Punishment or Physical or Mental Abuse" exclusion.

## VIII. FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT
## CONTROLLED SUBSTANCE EXCLUSION

51. Homesite realleges each of the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52. The Policy provides in relevant part that Coverage E does not apply to "bodily injury" arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a controlled substance.

COMPLAINT FOR DECLARATORY JUDGMENT - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

53. The Underlying Complaint alleges that Ms. Schlackman violated the WCPA by assisting Mr. Simone with respect to the manufacture and sale of controlled substances.

54. The Underlying Complaint alleges that Ms. Schlackman was responsible for the distribution of cocaine.

55. Homesite is entitled to declaratory judgment that it owes no obligation to provide defense or indemnity coverage to Ms. Schlackman in the Underlying Lawsuit because the causes of action contained therein against Ms. Schlackman fall under the Policy's "Controlled Substance" exclusion.

### IX. SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT CRIMINAL ACT EXCLUSION

56. Homesite realleges each of the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. The Policy provides that Coverage E does not apply to "bodily injury" arising out of or in connection with a criminal act of any "insured."

58. The WCPA violations against Ms. Schlackman in the Underlying Complaint are based upon specifically-alleged criminal acts.

59. The Underlying Complaint alleges that Ms. Schlackman "violated the WCPA by assisting Defendant Simone in the trafficking of Ms. Campbell with respect to the manufacture of controlled substances."

60. The Underlying Complaint alleges that Ms. Schlackman was "directly responsible for the distribution of the cocaine for which Ms. Campbell was forced to perform labor in the form of recruiting purchasers."

61. Homesite is entitled to declaratory judgment that it owes no obligation to provide defense or indemnity coverage to Ms. Schlackman in the Underlying Lawsuit because the causes

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

of action contained therein against Ms. Schlackman fall under the Policy's "Criminal Act" exclusion.

## X. SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT INTENTIONAL AND MALICIOUS ACT EXCLUSION

62. Homesite realleges each of the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63. The Policy provides that Coverage E does not apply to "bodily injury" arising out of an intentional and malicious act or at the direction of an "insured."

64. The causes of action in the Underlying Complaint for outrage/intentional infliction of emotional distress and violation of the WCPA arise out of intentional and malicious actions.

65. The Underlying Complaint alleges that Ms. Schlackman perpetuated Mr. Simone's abuse by harassing and stalking Ms. Campbell, threatening her via social media, and regularly appearing in public places to stalk her and monitor her activities.

66. As set forth above, the Underlying Complaint alleges that Ms. Schlackman acted intentionally in regard to the causes of action alleged against her.

67. Homesite is entitled to declaratory judgment that it owes no obligation to provide defense or indemnity coverage to Ms. Schlackman in the Underlying Lawsuit because the causes of action contained therein against Ms. Schlackman fall under the Policy's Intentional and Malicious Acts exclusion.

## XI. EIGHTH CAUSE OF ACTION: DECLARATORY JUDGMENT NO COVERAGE FOR PUNITIVE DAMAGES

68. Homesite realleges each of the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69. The Policy provides coverage only for damages caused by "bodily injury."

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

70. The Policy contains no provision that affords coverage for exemplary or punitive damages.

71. Homesite is entitled to declaratory judgment that it owes no obligation to provide defense or indemnity coverage to Ms. Schlackman in the Underlying Lawsuit for any punitive damages claims in the Underlying Lawsuit because the Policy does not provide coverage for such damages.

## XII. NINTH CAUSE OF ACTION: DECLARATORY JUDGMENT
## NO COVERAGE FOR INJUNCTIVE RELIEF

72. Homesite realleges each of the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73. The Policy only provides that Homesite shall "pay up to [its] limit of liability for the damages for which an 'insured' is legally liable."

74. The Policy does not provide coverage for non-monetary relief, such as injunctive relief.

75. The Underlying Plaintiffs seek an order restraining Ms. Schlackman and the other Defendants from engaging in conduct prohibited by RCW 9A.82 *et seq.*

76. Homesite is entitled to a declaratory judgment that there is no coverage under Coverage E for any injunctive relief sought in the Underlying Lawsuit.

77. A justiciable controversy exists between Homesite and Ms. Schlackman with respect to their duties and obligations under the Policy to provide defense and indemnity coverage for the claims against Ms. Schlackman in the Underlying Lawsuit.

78. As a result, a declaratory judgment by the Court is necessary to resolve the controversy between Homesite and Ms. Schlackman.

## XIII. PRAYER FOR RELIEF

Homesite prays for the following relief:

COMPLAINT FOR DECLARATORY JUDGMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2

1. Declaratory judgment that it owes no duty to defend and/or indemnify Ms. Schlackman from the claims alleged in the Underlying Lawsuit under one or more of the Counts alleged herein;

2. For attorneys' fees and costs allowed by statute and/or applicable law; and

3. Such other and further relief as the Court deems just and equitable.

DATED this 8th day of August, 2022.

*s/ Eliot M. Harris*
Eliot M. Harris, WSBA # 36590
*s/ Miles J. M. Stewart*
Miles J. M. Stewart, WSBA # 46067
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel: (206) 628-6600
Fax: (206) 628-6611
Email: eharris@williamskastner.com
mstewart@williamskastner.com

***Attorneys for Plaintiff Homesite Insurance Company***

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7620681.2